DAVID M. MICHAEL, CSBN 74031
MICHAEL & BURCH LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:   (415) 946-8996
Facsimile:    (415) 946-8837
E-mail:        david@michaelburchlaw.com

Attorney for Defendant
EVGENI KOPANKOV

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>EVGENI KOPANKOV,<br><br>             Defendant.<br>_____/ | No. 19-CR-00178 VC<br><br>**MEMORANDUM ON THE ISSUE OF DEPORTATION** |

At the Plea Hearing before this Court on June 22, 2021, the matter of the possibility of the deportation of Defendant as a consequence of his plea to the underlying offenses being accepted by the Court was discussed by the Court and all counsel.  The Court has graciously allowed the parties to further research that issue and continued the Plea Hearing to June 23, 2021 at 2:30 pm.

Counsel for Defendant Kopankov has further researched that issue and it seems appropriate that the Court and counsel be advised as to the binding decisional authorities that define that issue, *United States v. Multani,* 2021 U.S. Dist. LEXIS 30570, decided this year.

Although *Multani* is not a Court of Appeals decision, it cites to this Ninth Circuit's binding authority in *United States v, Phattey,* 943 F.3d. 1277 (9thCir. 2019):

> The Court is guided both by the statute itself and by the Ninth Circuit's recent decision in *Phattey*, 943 F.3d 1277. The Revocation of Naturalization statute states that it "shall

be the duty" of the relevant United States attorneys to initiate denaturalization proceedings against any naturalized citizen who "illegally procured" or "procured by concealment of a material fact or by willful misrepresentation" their citizenship. 8 U.S.C. § 1451(a). As the Ninth Circuit made clear in *Phattey*, the purpose of the statute is not punitive, but, instead, merely to "remedy a past fraud by taking back a benefit to which an alien is not entitled."

943 F.3d at 1279

Based on the above authority, no such facts justifying the denaturalization of Mr. Kopankov exist in this case.  Mr. Kopankov was granted his citizenship on August 11, 2016, years before the occurrence of the facts alleged and pled to in this case.[1] No acts alleged in this case were committed prior to August 11, 2016.

Dated: 23 June 2021

Respectfully submitted.

*s/David M. Michael*_____
DAVID M. MICHAEL

Attorney for Defendant EVGENI KOPANKOV

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that, on 23 June 2021, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/David M.Michael*_____
DAVID M. MICHAEL

Attorney for Defendant EVGENI KOPANKOV

---

[1] Counsel represents to the Court that he has a copy of Mr. Kopankov's Certificate of Naturalization, issued by the US Citizenship and Immigration Services on August 11, 2016, Certificate No. 38285108.